UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

DAVID G. BAUGH,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　Petitioner,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　vs.　　　　　　　　　　　　　　　)　　Case No. 4:05-CV-1825 JCH
　　　　　　　　　　　　　　　　　　)
JAMES A. GAMMON,　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　Respondent.　　　　　　　　　)

## **MEMORANDUM AND ORDER**

The matter is before the Court on Missouri state prisoner David G. Baugh's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1). The matter is fully briefed and ready for disposition.

On June 17, 2003, a jury in the Circuit Court of Franklin County, Missouri ("Franklin County Court") found Petitioner guilty of three counts of Operating a Motor Vehicle without a License, in violation of Mo. Rev. Stat. § 302.020. (Resp., Doc. No. 7 pg. 1, citing Ex. B). The trial court sentenced him to consecutive terms of two, three, and four years imprisonment. (Id. at Ex. A). Petitioner did not file a direct appeal. (Id. at Ex. B pg. 14). On July 2, 2004, Petitioner filed a Rule 29.15 Motion for post-conviction relief in the Franklin County Court, which was denied on November 11, 2004. (Id. at Ex. C). Petitioner failed to appeal. On February 15, 2005, he filed a second Rule 29.15 Motion for post-conviction relief in the Franklin County Court, which was denied as untimely ten days later. (Id. at Ex. B). Petitioner also filed, pursuant to Missouri Court Rule 91, multiple petitions for writ of habeas corpus that were denied. (Pet., Doc. No. 1 pg. 4).

In his § 2254 petition, filed November 11, 2005, Petitioner raises the following thirteen grounds for relief:[1]

1. The trial court lacked subject matter and personal jurisdiction over him because the statute he violated was civil/regulatory in nature;

2. He did not make a general appearance; rather, he specially appeared under threat of damages and injury;

3. The trial court erred because it did not require the state to prove he failed to pay the excise tax;

4. The trial court erred because it did not require the state to prove his prior convictions;

5. The trial court erred because it sentenced him under the habitual offender statute that, as a matter of state law, does not apply to him;

6. He was denied his right to counsel, in violation of the Sixth Amendment, because the trial court refused to allow a person, who was not admitted to the Missouri bar or eligible for pro hac vice status, to represent him;

7. Mo. Rev. Stat. § 302.020 is unconstitutionally vague, ambiguous, and over-broad;

8. Mo. Rev. Stat. § 302.020 impairs the obligations of his sacred covenant and contract with Yahweh, in violation of Art. I, § 10, cl. 1 of the United States Constitution;

9. His prosecution and conviction violated the First Amendment because it was in retaliation for his propounding the view that taxing and licensing vehicles is "political usurpation and legalized plunder and extortion";

10. The trial judge violated his First Amendment rights by impermissibly forcing his religious beliefs on Petitioner by quoting the Christian maxim, "Render unto Caesar those things which are Caesar's" ;

11. Mo. Rev. Stat. § 302.020 violates his First and Fourteenth Amendment rights because it serves no legitimate government purpose;

12. The state imposition of an excise tax is unconstitutional;

13. The length of his sentence amounts to cruel and unusual punishment because he has

---

[1]The Court has reorganized the claims for purposes of clarity.

committed no crime and poses no danger to society.

On December 28, 2005, Respondent filed his Response. (Doc. No. 7). Petitioner has filed multiple memoranda in reply. (Doc. No. 8. 12, 14-17). The Court will address the claims in turn.

## DISCUSSION

### Exhaustion

A petitioner must exhaust his state law remedies before the federal court can address the merits of his claims in a habeas petition. 28 U.S.C. §2254(b). The Court must first look to see whether the federal constitutional dimensions of the petitioner's claims have been fairly presented to the state court. Smittie v. Lockhart, 843 F.2d 295, 296 (8th Cir. 1988). If not, the petitioner may still meet the exhaustion requirement if there are no currently available non-futile state remedies by which he could present his claims to the state court. Id. When the petitioner's claims are deemed exhausted because he has no available state court remedy, the federal court still cannot reach the merits of the claims unless the petitioner demonstrates adequate cause to excuse his state court default and actual prejudice resulting from the default. Wainwright v. Sykes, 433 U.S. 72, 87 (1977); Keithley v. Hopkins, 43 F.3d 1216, 1217 (8th Cir. 1995), cert. denied, 515 U.S. 1163 (1995); Stokes v. Armontrout, 893 F.2d 152, 155 (8th Cir. 1989). Every habeas ground advanced by the petitioner must survive this exhaustion analysis, or the petition must be dismissed. Rose v. Lundy, 455 U.S. 509 (1982).

The record demonstrates that Petitioner's claims are exhausted either because they have been properly raised in the state courts, or because Petitioner has no available non-futile state remedies by which he could present his claims.

### Procedural Default

Because Petitioner did not appeal the Rule 29.15 Motion court's judgment, he never presented any of his claims before the Missouri Court of Appeals. (Resp., Doc. No. 7). A claim must be presented at each step of the judicial process in state court to avoid procedural default. Jolly v. Gammon, 28 F.3d 51, 53 (8th Cir. 1994) (citation omitted). A Missouri inmate defaults claims which should have been raised, but were not, on appeal from the denial of a motion for post-conviction relief. Moore-El v. Luebbers, 446 F.3d 890, 897-98 (8th Cir. 2006). Because Petitioner failed to raise these claims properly in state court proceedings, the claims are defaulted and he is procedurally barred from pursuing them here.[2] Coleman v. Thompson, 501 U.S. 722, 731-32 (1991); Forest v. Delo, 52 F.3d 716, 719 (8th Cir. 1995). This Court therefore cannot reach the merits of the claims absent a showing of cause and prejudice, or a demonstration "that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

Upon consideration, the Petitioner has not shown cause to excuse his procedural default. Although Petitioner brought his claims in a Rule 91 motion, it does not excuse his failure to appeal the Rule 29.15 Motion court's judgment. See Reese v. Delo, 94 F.3d 1177, 1181 (8th Cir. 1994) (citing State ex rel. Simmons v. White, 866 S.W.2d 443, 444 (Mo. 1993) (holding petitioner who fails to advance claim on appeal cannot seek review on Rule 91 petition unless claim presents jurisdictional[3] issues or circumstances causing a manifest injustice)). Petitioner has made no showing

---

[2]It also seems likely that the Petition is time-barred; however, Respondent has not provided the Court with enough information to conclusively determine whether "properly filed" applications in state court did not toll the statute of limitations. See 28 U.S.C. § 2244(d).

[3]Even assuming that Petitioner did not procedural default his jurisdictional claims, they are meritless. A state prisoner may petition for a writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Gee v. Groose, 110 F.3d 1346, 1349 (8th Cir. 1997) ("[I]t is not the province of a federal habeas court to re-examine state-court determinations [of] state-law questions."). As such, a federal court

that he is actually innocent; thus, he cannot satisfy the "fundamental miscarriage of justice" exception to the required showing of cause and prejudice.[4] Schlup v. Delo, 513 U.S. 298 (1995); Washington v. Delo, 51 F.3d 756, 761 (8th Cir. 1995), cert. denied, 516 U.S. 876 (1995). Petitioner's claims are procedurally defaulted and will be denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. No. 1) is **DENIED**, and his claims are **DISMISSED** with prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 119 S. Ct. 89 (1998).

---

cannot interpret a state's jurisdictional statutes and rules. Wright v. Angelone, 151 F.3d 151, 157 (4th Cir. 1998) (holding federal court cannot interpret state jurisdictional statutes on habeas review). Additionally, the Franklin County Court has "original jurisdiction over all cases and matters, civil and criminal." Mo. Const. Art. V, § 14.

Furthermore, the Court may only grant a habeas petition if the state court's judgment resulted in a decision that was contrary to federal law or was an unreasonable determination in light of the evidence. 28 U.S.C. § 2254(d). The Court finds that the "personal jurisdiction" exercised by the Franklin County Court does not offend the principles laid out in Int'l Shoe Co. v. Washington, 326 U.S. 310 (1945) and therefore was not an unreasonable interpretation of federal law.

[4]In Ground Thirteen, Petitioner claims he committed no crime; however, he still does not satisfy the exception. In order to raise the fundamental miscarriage of justice exception, Petitioner must make "a showing, based on new evidence, that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" Brownlow v. Groose, 66 F.3d 997, 999 (8th Cir. 1995)(citations omitted), cert. denied, 516 U.S. 1161 (1996). Petitioner introduced no new evidence. This Court's refusal to entertain Petitioner's defaulted claims thus will not result in a fundamental miscarriage of justice.

Dated this 29th day of January, 2007.

                                            /s/ Jean C. Hamilton
                                            UNITED STATES DISTRICT JUDGE